**Gene C. TAYLOR, Appellant,**

v.

**Jack MORGAN, Warden, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 30, 1995.

R.N. "Bo" Taylor, Waynick, Cate & Taylor, Nashville, for appellant.

Charles W. Burson, Attorney General & Reporter, Merrilyn Feirman, Assistant Attorney General, Criminal Justice Division, Nashville, Victor S. Johnson, District Attorney General, Nashville, for appellee.

## *OPINION*

WELLES, Judge.

The Defendant, Gene Taylor, appeals as of right from the Davidson County Circuit Court's dismissal of his petition for habeas corpus relief. This appeal was originally filed in the Tennessee Court of Appeals, but on February 8, 1994, the appeal was properly transferred to this court.

The sole issue on appeal is whether the trial court erred in granting the State's motion for summary judgment and dismissing the Defendant's habeas corpus petition. The Defendant argues that dismissal of his writ of habeas corpus was in error because (1) the life sentence he was serving was illegal and void, and therefore, his term of imprisonment had expired, and (2) a second sentence imposed on the Defendant for a subsequent offense was void because it was ordered to run concurrent to the life sentence rather than consecutive as statutorily required. We affirm the judgment of the trial court in dismissing the petition.

Initially, we will summarize the events giving rise to the Defendant's petition for writ of habeas corpus. On April 22, 1975, the Defendant was convicted of murder in the Criminal Court of Washington County, Tennessee and sentenced to death. On July 16, 1976, the Defendant's sentence was modified from death to twenty years and one day by the Tennessee Court of Criminal Appeals with a provision that the State have the option of a new trial for sentencing purposes only. The State appealed to the Tennessee Supreme Court, which granted certiorari on the narrow ground of the validity of the state death penalty law.

On February 8, 1977, while the Defendant's appeal was pending in the Tennessee Supreme Court, Governor Ray Blanton commuted the Defendant's sentence from death to life imprisonment. The commutation, in effect, increased the sentence imposed by the Court of Criminal Appeals from twenty years and one day to life. On May 16, 1977, the Supreme Court ruled that the action of Governor Blanton in commuting the Defendant's sentence was valid and upheld the sentence of life imprisonment.

On January 15, 1979, Governor Blanton issued a second conditional commutation which struck the life sentence and reinstated the sentence of twenty years and one day imposed by the Court of Criminal Appeals. He explained that the Defendant was in an unusual situation of having received a minimum sentence from the Court of Criminal Appeals and having that sentence increased to life imprisonment by the governor's first commutation. Governor Blanton said that because he did not intend to commute cases which were already being litigated, he would reinstate the sentence imposed by the Court of Criminal Appeals.

Subsequently, while serving the twenty-year and one day sentence on a work release program, the Defendant stole a car and robbed a bank. He pleaded guilty to the robbery on July 14, 1980 and was sentenced to twenty years imprisonment to be served concurrent to the pre-existing murder sentence.

Because the defendant committed a crime while serving time for a prior offense, on October 9, 1981, Governor Lamar Alexander revoked the second commutation which Governor Ray Blanton had issued in 1979. This revocation effectively reinstated the Defendant's life sentence which had resulted from Governor Blanton's first commutation of the death penalty to a life sentence.

On June 22, 1992, the Defendant filed a petition for writ of habeas corpus in the Circuit Court for Davidson County, Tennessee and later properly amended the petition. The Defendant argued that the life sentence was void and that he was being illegally restrained beyond the term of his imprisonment. The State moved for summary judgment on August 31, 1993, contending that the Defendant's sentence was voidable, not void, thereby making habeas corpus relief improper. The trial court granted the State's motion for summary judgment and dismissed the Defendant's petition for writ of habeas corpus ruling that the petition failed to allege that the sentence the Defendant was serving was void or that his term of imprisonment had expired.

In reviewing the Defendant's petition for writ of habeas corpus and the amended petition, we conclude that the trial court erred in ruling that the Defendant did not sufficiently allege that the sentence he was serving was void or that his term of imprisonment had expired. However, in addressing the issue on the merits, we conclude that the sentence of life imprisonment is valid and proper.

■ Habeas corpus relief is available only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). After reviewing the record, we conclude that habeas corpus relief is not appropriate with regard to the length of the murder sentence imposed in 1975.

The Defendant's death sentence was modified by the Tennessee Court of Criminal Appeals to twenty years and one day. While the State's appeal to the Supreme Court was pending, Governor Blanton, by executive authority, commuted the sentence from death to life. The Supreme Court subsequently declared "that the action of the governor was valid" and affirmed the commutation of the death penalty imposed by the trial court to life imprisonment. *Taylor v. State,* No. 102 (Tenn.Crim.App., Knoxville, filed May 16, 1977). The Supreme Court's holding in this case eradicated the modified sentence of twenty years and one day imposed by the Court of Criminal Appeals and legally decreed that the Defendant had a valid life sentence.

■ Governor Blanton then issued the second commutation, reducing the life sentence to twenty years and one day. This commutation, however, was conditional, requiring that the Defendant

> obey all the rules and regulations of the authority having custody of him, lead the life of a good citizen, obey all the laws of the Nation, States and Municipalities and shall not be guilty of other conduct, in the opinion of the governor, improper and illegal. In the event any of the foregoing conditions are violated, the governor, at his option ... may [require the prisoner] to undergo remainder of said original or commuted sentence, as determined by the Governor.[1]

Several months after the issuance of the second commutation, the Defendant, while in a work-release program, stole a car and a gun and robbed a bank. Governor Alexander, acting within the scope of his executive powers, revoked the second commutation because the Defendant failed to abide its terms. We conclude that the life sentence restored by Governor Alexander's revocation is valid. This issue has no merit.

■ The Defendant also argues that the twenty-year sentence for the 1979 bank robbery is illegal because it was ordered to run concurrent to the life sentence in direct contravention of Tennessee Code Annotated section 40–3620 (Supp.1978) (current version at section 40–28–123 (1989)). This statute requires the sentence for an offense committed by an inmate on work release to be served consecutive to any pre-existing sentence. *Id.* We conclude that it was error to allow the subsequent sentence for bank robbery to run concurrent to the pre-existing murder sentence.

The Defendant pleaded guilty to twenty years imprisonment for the bank robbery offense. The trial court ordered the sentence to commence on July 14, 1980, the date

---

1. Commutation of Gene C. Taylor by Governor Ray Blanton, issued Jan. 15, 1979.

of the pleas and conviction, which, in effect, made the sentence concurrent to the pre-existing murder sentence. Because Tennessee Code Annotated section 40–3620 required the trial court to impose a consecutive sentence on any Defendant convicted of a crime committed while on work release, the court was without jurisdiction or authority to enter a judgment against the Defendant for a concurrent sentence. *Henderson v. State ex rel. Lance*, 220 Tenn. 520, 419 S.W.2d 176 (1967). Thus, the judgment for the bank robbery offense is facially void and a nullity, thereby leaving the Defendant with no sentence at all. *See Archer v. State*, 851 S.W.2d 157, 163 (Tenn.1993) (The Supreme Court noted that because the trial court in *Lance* was without authority to render a concurrent sentence when statutorily required to make the sentence consecutive, the judgment was facially void, and a writ of habeas corpus could issue to release Lance from his guilty plea.)

■ Because the statute mandates consecutive sentencing in such a situation, the trial court erred in ordering the bank robbery sentence to be served concurrent to the pre-existing murder sentence. A court has the authority to correct an illegal sentence at any time, even if it has otherwise become final. *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn.1978).

We conclude that the prosecution of the Defendant on the 1979 bank robbery charge remains pending in the Criminal Court of Davidson County. We further conclude that this leaves the status of the prosecution at the sentencing stage. At that stage, further proceedings on the Defendant's plea shall be governed by Rule 11 of the Tennessee Rules of Criminal Procedure.

■ Our conclusion that the Defendant's 20 year sentence is void does not render the Defendant eligible for habeas corpus relief. The sole relief available under Tennessee's habeas corpus statute is discharge from custody. Because the Defendant is being legally restrained under his life sentence, he is not entitled to be discharged. Tenn.Code Ann. § 29–21–122.

At such time that the Defendant would be entitled to discharge by reason of having served time equivalent to his life sentence, he will be entitled to petition for the writ of habeas corpus to inquire into the validity of his further restraint. *See Ussery v. Avery*, 222 Tenn. 50, 432 S.W.2d 656 (1968); *Pulley v. Hunt*, 1 Tenn.Cr.App. 278, 440 S.W.2d 622 (1968). The status of the Defendant's bank robbery charge would be relevant at that time.

The judgment of the trial court dismissing the petition for writ of habeas corpus is affirmed.

TIPTON, J., and BEVIL, Special Judge, concur.