# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

# AT NASHVILLE

| | |
|---|---|
| DAVID PETERS, | ) |
| | ) C.C.A. NO. 01C01-9706-CR-00217 |
| Appellant, | ) |
| | ) DAVIDSON COUNTY |
| VS. | ) (No. 2557 Below) |
| | ) |
| RICKY BELL, WARDEN, | ) The Hon. J. Randall Wyatt |
| | ) |
| Appellee. | ) (Dismissal of Habeas Corpus Petition) |
| | ) AFFIRMED PURSUANT TO RULE 20 |

# O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Although not for the reasons set forth in the state's motion, we find that this is an appropriate case for affirmance pursuant to Rule 20.

According to the trial court's order denying relief, the petitioner is currently serving a 40-year sentence for aggravated kidnapping, which began to run on May 12, 1986, and a 2-year sentence for felony escape. In his petition for habeas corpus relief and in this appeal, the petitioner challenges his 1993 conviction for felony escape, asserting that the indictment failed to specify the underlying conviction or classification thereof and that the indictment failed to state the necessary mens rea element for the offense. In dismissing the petition, the trial court stated:

> Habeas corpus relief is available in Tennessee only if "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This language, however, does not provide a vehicle for habeas relief on an individual sentence while a prisoner continues to serve other sentences. Arendall v. State, C.C.A. No. 01C01-9510-CR-00341, filed December 30, 1996. The law in this State is clear that habeas corpus relief is available only to persons eligible for **immediate release from custody**. Arendall, supra, citing Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Cr. App. 1995) (emphasis added). See T.C.A. §29-21-122(b)(2).

In the case *sub judice*, petitioner only challenges his conviction and sentence for felony escape, and not his conviction and sentence for aggravated kidnapping. Irrespective of the validity of petitioner's challenge to the escape conviction, then, in light of petitioner's current forty (40) year sentence on the latter charge, such a challenge is premature at this time and is not appropriate for review.

–2–

Finding that the trial court properly dismissed the petitioner's petition for habeas corpus relief as premature, we grant the state's motion to affirm the judgment.

IT IS, THEREFORE, ORDERED that the judgment of the trial court is hereby affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeal Rules.

ENTER this the _____ day of September, 1997.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
THOMAS T. WOODALL, JUDGE