# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1998

FILED

September 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD PARKER, | ) | C.C.A. NO. 02C01-9711-CC-00459 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | LAKE COUNTY |
| VS. | ) | |
| | ) | HON. R. LEE MOORE, JR. |
| FRED RANEY, WARDEN | ) | JUDGE |
| and | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF LAKE COUNTY

FOR THE APPELLANT:

RONALD L. PARKER
Pro Se
Route 1, Box 660
Tiptonville, TN 38079

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. PHILLIP BIVENS
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, Ronald L. Parker, appeals as of right from the dismissal of his petition for habeas corpus relief. The Defendant is an inmate in the custody of the Department of Correction. According to his petition and the exhibits attached thereto, on May 1, 1995, he pleaded guilty to and was convicted of three counts of burglary. For these convictions, he was sentenced to three concurrent eight-year terms in the Department of Correction. His petition for habeas corpus relief alleged that his convictions and sentences are void because the sentences were not ordered to be served consecutively to a prior sentence as required by law. The trial court summarily dismissed the habeas corpus petition, finding that the judgments of conviction were not void and that the Defendant's sentences had not expired. We affirm the judgment of the trial court.

Habeas corpus relief is available only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

On appeal, the Defendant argues that at the time he was sentenced for the three burglaries, he was on parole from a prior Tennessee sentence of twenty-eight years. He therefore argues that his eight-year sentences for burglary constitute illegal sentences because they were not ordered to be served consecutively to his twenty-eight year sentence as required by law. See Tenn.

Code Ann. § 40-28-123. The Defendant relies upon decisions of this Court and of our supreme court which hold that because the law requires the trial court to impose a consecutive sentence on any defendant convicted of a felony committed while on parole from a state prison, jail, or work house, a trial court is without jurisdiction or authority to enter a judgment against a defendant for a concurrent sentence. See Archer, 851 S.W.2d at 163; Henderson v. State ex rel. Lance, 419 S.W.2d 176 (Tenn. 1967); Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995).

We conclude that the Defendant's arguments lack merit. Initially, we note that the judgments sentencing the Defendant to eight-year terms for burglary provide that the burglary sentences shall be served concurrent with each other and concurrent with a sentence from the state of Texas. The judgments make no reference to any prior Tennessee sentences. The record on appeal contains no evidence concerning a prior Tennessee sentence other than the Defendant's unsupported allegations in his petition.

Secondly, we note that a sentence for a felony committed while the Defendant was on parole for another felony shall be deemed to run consecutive to the prior sentence being served on parole whether the judgment explicitly so provides or not. Tenn. R. Crim. P. 32(c)(3)(A). Based on the allegations contained in the Defendant's petition and statements made in his argument, the Board of Paroles and the Department of Correction became aware of the prior

sentence and correctly treated the eight-year sentences as running consecutive to the prior sentence.

Although the Defendant alleges that his plea agreement provided that the eight-year sentences would run concurrent with his prior sentence, the judgments do not so provide. As we have noted, the judgments make no reference to any prior unserved Tennessee sentence. Because the Defendant's eight-year sentences were not ordered to be served concurrently with a prior unserved sentence, the eight-year sentences for burglary are not illegal and the judgment of conviction is not void.

We conclude that the convicting court had jurisdiction and authority to sentence the Defendant, and it is clear that the Defendant's term of imprisonment under his eight-year sentences had not expired. For this reason, we conclude that the trial judge did not err in denying the Defendant habeas corpus relief.

The Defendant also alleges that his guilty pleas resulting in the burglary convictions were not knowing and voluntary because his plea agreement provided that his burglary sentences would run concurrent with his prior sentences. Even if these allegations were true, they would not provide the Defendant a basis for habeas corpus relief. These allegations could provide grounds for post-conviction relief, assuming consideration of the allegations is not barred by the applicable statute of limitations.

The judgment of the trial court dismissing the Defendant's petition for habeas corpus relief is affirmed.

_____

DAVID H. WELLES, JUDGE

CONCUR:


_____

JERRY L. SMITH, JUDGE


_____

JOHN K. BYERS, SENIOR JUDGE