**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**NOVEMBER SESSION, 1998**

FILED

January 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **RONALD DEE WATT,** | ) | **C.C.A. NO. 03C01-9609-CR-00343** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **ROANE COUNTY** |
| **VS.** | ) | |
| | ) | **HON. E. EUGENE EBLEN** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF ROANE COUNTY**

FOR THE APPELLANT:

KENNETH F. IRVINE, JR.
606 W. Main Street, Suite 350
Knoxville, TN 37901-0084

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL J. FAHEY, II
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

CHARLES E. HAWK
District Attorney General

ROGER DELP
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED _____

REVERSED AND REMANDED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Ronald Dee Watt, appeals as of right from the Roane County Criminal Court's dismissal of his petition for habeas corpus relief. The issue on appeal is whether the trial court erred by summarily dismissing the petition without appointing counsel or conducting an evidentiary hearing. We reverse the order dismissing the petition and remand this case for further proceedings.

We will first attempt to summarize, from the record before us, the events giving rise to the Defendant's petition for writ of habeas corpus. On April 17, 1980, the Defendant pleaded guilty to one count of armed robbery with a sentence of ten years, two counts of concealing stolen property with a sentence of three years on each count, and two counts of arson with a sentence of one year on each count. All sentences were ordered to be served consecutive to each other, for an effective sentence of eighteen years. The sentences were ordered to be served concurrently with a sentence the Defendant was serving in the federal penitentiary for bank robbery.

The Defendant was subsequently transferred back to federal custody for the service of his sentences. At some point thereafter he was released on parole from federal custody. Subsequent to being released on parole, the Defendant was apparently charged with additional federal crimes and was returned to federal custody. By order entered on January 16, 1992, the Criminal Court for Roane County, Tennessee issued a capias for the arrest of the Defendant "for

service of the portion of his sentence still owed to the Tennessee Department of Correction."

On May 14, 1996 the Defendant filed a petition for writ of habeas corpus in the Criminal Court for Roane County. The petition alleged that he was an inmate in the federal penitentiary. He alleged that he was suffering collateral consequences from being illegally and unconstitutionally detained by virtue of the capias issued by the Roane County Criminal Court on January 16, 1992. In addition to his allegations of various constitutional violations, the Defendant alleged that his Tennessee sentence was illegal and void because he was sentenced pursuant to "an agreement between his court-appointed counsel and attorney general that [the trial court] was powerless to order under Tenn. Code Ann. § 39-1-703."

The State filed a motion to dismiss the habeas corpus petition on the grounds (1) that Tennessee Code Annotated § 29-21-102 excluded persons in federal custody from the benefit of State proceedings for a writ of habeas corpus, and (2) that the trial court had no authority to order the Defendant's release from federal custody. The trial court issued an order dismissing the petition on the grounds that it failed to state a cause of action for which relief could be granted because the Defendant was in federal custody and § 29-21-102 "excludes persons in federal custody from benefit of filing writ of habeas corpus in State proceeding . . . [and] . . . State of Tennessee has no authority to order release from federal custody even if grounds for relief existed." It is from this order of dismissal that the Defendant appeals.

The trial court dismissed the habeas corpus petition because the Defendant is in federal custody. Tennessee's habeas corpus law is statutory and begins with the following provision:

> Any person imprisoned or restrained of his liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.

Tenn. Code Ann. § 29-21-101. The exception referred to in the above section provides as follows:

> Persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ.

Id. § 29-21-102.

We read this statute to clearly provide that a State judge has no authority to order the release of a person who has been committed or is being detained, imprisoned, or restrained of his liberty by virtue of an order of a federal court. In the petition filed herein, however, the Defendant is seeking to test the validity of the restraint on his liberty being caused by the capias for his arrest issued by the Criminal Court of Roane County, Tennessee. We do not believe that the Defendant's status as a federal prisoner deprives the Criminal Court of Roane County of any authority to inquire into the cause of the restraint on the Defendant's liberty as a result of the capias for the Defendant's arrest which was issued by the Roane County Criminal Court in a previous order. We therefore conclude that the trial court was in error by summarily dismissing the habeas corpus petition on the grounds that the Defendant was a federal prisoner.

Although it is not entirely clear in the Defendant's pro se habeas corpus petition, the Defendant primarily argues that his sentence is illegal because it was ordered to be served concurrently with a federal sentence when the law required that the sentence be served under the control and supervision of the State of Tennessee. At the time the Defendant was convicted of armed robbery, robbery accomplished by the use of a deadly weapon was a Class X felony. Tenn. Code Ann. § 39-1-702 (repealed 1989). The law provided that a sentence for a Class X felony would "[t]erminate or expire only after service of the entire sentence, day for day, under the control and supervision of the state of Tennessee." Id. § 39-1-703 (repealed 1989). The Defendant questions whether the trial judge had the legal authority to order his sentence to run concurrently with the federal sentence or whether he was required by the Class X felony law to order the Tennessee sentences to be served in the state penitentiary, presumably after he was released from federal custody.

Tennessee courts have held that when the law requires the trial court to impose a consecutive sentence on a defendant convicted of a crime committed while on work release, the trial court is without jurisdiction or authority to enter a judgment against a defendant for a concurrent sentence. Henderson v. State ex rel. Lance, 419 S.W.2d 176 (Tenn. 1967); Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995); see also Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993) (noting that because the trial court in Lance was without authority to render a concurrent sentence when statutorily required to make the sentence consecutive, the judgment was facially void, and a writ of habeas corpus could issue to release Lance from his guilty plea).

We also note that the Defendant's effective eighteen-year sentence was imposed on April 17, 1980. The sentence was ordered to be served concurrently with a federal sentence. Assuming that the concurrent sentence was a legal sentence, it becomes obvious that more than eighteen years has now passed since the sentence was imposed. Although there may well be reasons why the sentence has not expired, the Defendant argues on appeal that on its face it appears that the sentence has expired.

Based on our review of the record and our understanding of the law, we do not believe that the trial judge should have dismissed the Defendant's petition for habeas corpus relief without appointing counsel and allowing the Defendant the opportunity to present his petition on the merits. If the Defendant's eighteen-year sentence, ordered to be served concurrently with a federal sentence, is an illegal sentence, it is clear that the court has the authority to correct it at any time, even if it has otherwise become final. State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). An illegal sentence is a nullity. Id. If the sentence was illegal, the status of the prosecution in Roane County would apparently return to the sentencing stage. At that stage, further proceedings on the Defendant's plea would be governed by Rule 11 of the Tennessee Rules of Criminal Procedure. See Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995).

We also point out that even if the Defendant can establish that he received an illegal sentence, he may nevertheless be ineligible for habeas corpus relief. Obviously, if the Defendant is lawfully confined under authority of a federal court order, the Tennessee court may not order him discharged from custody. If his sentence is illegal and thus void, he remains subject to his original pending

charges in Roane County.  If his sentence has expired, he may well remain in lawful custody as a federal prisoner.  In any event, we believe the Defendant may proceed with his habeas corpus proceeding to determine whether his Tennessee sentence is illegal or has expired.

The judgment of the trial court dismissing the Defendant's habeas corpus petition is reversed.  This case is remanded to the trial court for further proceedings.

_____
DAVID H. WELLES, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
L.T. LAFFERTY, SENIOR JUDGE