IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 2000 Session

## DANIEL BENSON TAYLOR v. JACK MORGAN, Warden

**Appeal from the Circuit Court for Hickman County**
**No. 98-5073C-I     Donald P. Harris, Judge**

---

**No. M1999-01416-CCA-R3-PC - Filed August 31, 2000**

---

The Defendant was convicted by a Shelby County jury for the offense of second degree murder committed on September 20, 1980. The trial court sentenced him to life imprisonment on October 6, 1982. His conviction and sentence were affirmed by this Court on direct appeal, and the Tennessee Supreme Court denied permission to appeal. The Defendant filed a petition for habeas corpus relief, which the trial court dismissed. The Defendant now appeals from the trial court's denial of habeas corpus relief, contending that he should have been sentenced under the Tennessee Criminal Sentencing Reform Act of 1982, under which he argues he would have received a lesser penalty. We hold that the trial court properly denied habeas corpus relief and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH, J. and JOHN EVERETT WILLIAMS, J., joined.

John E. Herbison, Nashville, Tennessee, for the appellant, Daniel Benson Taylor.

Michael E. Moore, Solicitor General; Lucian D. Geise, Assistant Attorney General; Ron Davis, District Attorney General; Lucian D. Geise, Assistant District Attorney General, for the appellee, Jack Morgan, Warden.

**OPINION**

This is an appeal from the trial court's denial of habeas corpus relief. The procedural history of this case, which is pertinent to its disposition, is as follows: On October 6, 1982, a Shelby County jury convicted the Defendant, Daniel Benson Taylor, of second degree murder committed on September 20, 1980 and sentenced him to life imprisonment. On direct appeal, this Court affirmed

the judgment of the trial court, and the Tennessee Supreme Court subsequently denied permission to appeal.[1]

The Defendant subsequently filed a pro se petition for writ of habeas corpus, which was dismissed by the trial court on January 19, 1999. The Defendant appealed to this Court. On August 20, 1999, this Court affirmed the trial court's dismissal of the Defendant's petition for writ of habeas corpus in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. This Court then initially denied the Defendant's petition for rehearing, but subsequently vacated its Rule 20 order and appointed counsel to represent the Defendant on appeal. We now consider the Defendant's appeal from the trial court's dismissal of his petition for writ of habeas corpus.

The question presented for our consideration is which of two apparently conflicting statutes is applicable to the Defendant's case. As previously stated, the offense in this case was committed on September 20, 1980, and the Defendant was sentenced on October 6, 1982. On July 1, 1982, subsequent to the offense and prior to sentencing, the Tennessee Criminal Sentencing Reform Act of 1982 became effective. It provided, in pertinent part,

> All persons who commit crimes on or after July 1, 1982, shall be tried and sentenced under this chapter. For all persons who committed crimes prior to July 1, 1982, the prior law shall apply and remain in full force and effect in every respect, including but not limited to sentencing, parole and probation.

Tenn. Code Ann. § 40-35-112(a) (1982) (repealed 1989). On the basis of this statute, the trial court sentenced the Defendant under pre-1982 law.

However, the Defendant argues that former Tennessee Code Annotated § 39-1-105 should have governed his sentence. This statute, entitled, "Repealed or amended laws — Application in prosecution for offense," provides as follows:

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Id. § 39-1-105 (1982) (repealed 1989). The Defendant thus contends that he should have been sentenced under the Sentencing Reform Act of 1982, under which he claims he would have received a lesser sentence.

---

[1] See State v. Taylor, 668 S.W.2d 681 (Tenn. Crim. App. 1984).

As a preliminary matter, we must first determine whether the Defendant's petition properly alleges grounds upon which habeas corpus relief may be granted. The remedy of habeas corpus is very limited in our state. The writ will issue only when a convicting court was without jurisdiction or authority to sentence a defendant or when a defendant's term of imprisonment has expired. Taylor v. Morgan, 909 S.W.2d 17, 19 (Tenn. Crim. App. 1995). The writ reaches jurisdictional error only, or in other words, void, not voidable, judgments. Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993). "A void judgment is one in which the judgement is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner in a habeas corpus proceeding bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. Passerella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In contrast to a habeas corpus proceeding, a second procedural avenue available for challenging a conviction or sentence which has become final is a post-conviction proceeding. A petition for post-conviction relief is the appropriate means for attacking a voidable judgment. Taylor, 995 S.W.2d at 83. A voidable conviction or sentence is defined as "one which is facially valid and requires introduction of proof beyond the face of the record or judgment to establish its invalidity." Id. However, a post-conviction proceeding must be brought in a timely manner, or it is barred by the applicable statute of limitations. See Tenn. Code Ann. § 40-30-202.

Having thoroughly reviewed the record in this case, we conclude that the Defendant has not presented proper grounds for habeas corpus relief. The trial court that sentenced the Defendant had jurisdiction over both the offense and the Defendant.[2] Furthermore, the sentence which the Defendant received has not expired. Because the Defendant has not demonstrated that his conviction is void or that his sentence has expired, he has not demonstrated proper grounds for habeas corpus relief. See Taylor, 909 S.W.2d at 19.

Nonetheless, the Defendant contends that he received an illegal sentence because he should have been sentenced under the Criminal Sentencing Reform Act of 1982, and we will address his argument. In doing so, we must determine which of the two statutes previously cited controls. To make such a determination, we are guided by rules of statutory construction. Generally, "[a]s a matter of statutory construction, a specific statutory provision will control over a more general provision." State v. Cauthern, 967 S.W.2d 726, 735 (Tenn. 1998). "[A] statute treating [a] subject in a more general manner should not be considered as intended to affect [a] more particular provision." Cole v. State, 539 S.W.2d 46, 50 (Tenn. Crim. App. 1976). Moreover, as between two conflicting statutes enacted at different points in time,

> [s]ince the more recent statute is a later expression of the legislative intent, . . . the later enactment will normally control. In such a case, the newer statute may be regarded as creating an exception to, or qualification of, the prior statute. However,

---

[2] The crime in this case occurred in Shelby County, and the Defendant was sentenced by a Shelby County Criminal Court.

where there is no clear intention to the contrary, a specific statute will not be controlled or nullified by a general one, regardless of the priority of their enactment.

82 C.J.S. Statutes § 354 (1999).

In this case, Tennessee Code Annotated § 39-1-105, cited by the Defendant in support of his contention that he should have been sentenced under the 1982 Sentencing Reform Act, was part of our criminal code under both the 1982 Sentencing Reform Act and pre-1982 law. It was repealed in 1989. In contrast, Tennessee Code Annotated § 40-35-112 was enacted in 1982 with the passage of the 1982 Sentencing Reform Act. Furthermore, we note that the language of Tennessee Code Annotated § 40-35-112(a), the newer statute, is more specific than that of Tennessee Code Annotated § 39-1-105, which, by its very terms, applies when "any penal statute or any penal legislative act of the state is repealed or amended by a subsequent legislative act." Tenn. Code Ann. § 39-1-105 (1982) (repealed 1989) (emphasis added).

Because of the more specific nature of Tennessee Code Annotated § 40-35-112 and its subsequent enactment, we conclude that Tennessee Code Annotated § 40-35-112 should control over Tennessee Code Annotated § 39-1-105 in this case. We therefore conclude that the sentence the Defendant received was not illegal: The trial judge correctly concluded that the Defendant was properly sentenced under pre-1982 law. We thus affirm the trial court's denial of habeas corpus relief.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-4-