IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## MARIO LAMBERT v. JACK MORGAN, WARDEN

**Appeal from the Circuit Court for Hickman County**
**No. 99-5086C-II     Timothy L. Easter, Judge**

---

**No. M1999-02321-CCA-R3-PC - Filed August 7, 2001**

---

The Defendant, Mario Lambert, appeals as of right from the trial court's dismissal of his petition for writ of habeas corpus. He asserts that his sentence is illegal because the trial court was without authority to sentence him as a Range I, standard offender with a release eligibility of thirty percent for the offense of second degree murder. We hold that the trial court was without authority to sentence the Defendant as a Range I, standard offender with a thirty percent release eligibility for the offense of second degree murder. Therefore, based on our review of the record on appeal, it appears that the sentence imposed is an illegal sentence. Accordingly, we remand this case to the criminal court of Shelby County for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Mario Lambert, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General, and Ron Davis, District Attorney General.

## OPINION

On August 15, 1996, the Defendant pled guilty in Shelby County to the offense of second degree murder, which occurred on August 21, 1995. Pursuant to his plea agreement, he was sentenced by the trial court to serve fifteen years in the Tennessee Department of Correction as a Range I, standard offender with a release eligibility of thirty percent. Subsequently, on September 20, 1999, the Defendant filed a petition for writ of habeas corpus in the Circuit Court of Hickman County in which he alleged that the sentence imposed by the trial court was an illegal sentence because the trial court was without authority to sentence him as a Range I, standard offender with a thirty percent release eligibility. He asserted that the sentence was not a statutorily authorized

punishment for the offense of second degree murder at the time of the offense. The trial court denied relief without a hearing, and the Defendant then appealed the case to this Court.[1]

Habeas corpus relief is available only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). A petition for writ of habeas corpus may be used to challenge judgments that are void, but not judgments that are merely voidable. See id.; Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, our supreme court has recognized that a sentence imposed in direct contravention of a statute is void and illegal. Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); see also State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Our sentencing law, which was in effect at the time of the Defendant's offense, provides that "[t]here shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained." Tenn. Code Ann. § 40-35-501(i)(1). Second degree murder is one of the enumerated offenses for which there is no release eligibility. See id. § 40-35-501(i)(2)(B). Because the offense for which the Defendant was convicted appears to have occurred on August 21, 1995, this statute was applicable to the Defendant when he was sentenced; thus, he could not legally be sentenced as a Range I, standard offender with a thirty percent release eligibility. Therefore, if the Defendant's allegations are correct, the sentence imposed by the trial court is in direct contravention of a statute and is accordingly void and illegal. See Stephenson, 28 S.W.3d at 911; see also McConnell v. State, 12 S.W.3d 795, 800 (Tenn. 2000) (concluding that thirty-five year sentences for a Range I offender for second degree murder and robbery by use of a deadly weapon are not permitted by the 1989 Sentencing Act and are therefore illegal).

In addition to the allegations contained in his petition, the Defendant has attached to his petition what appears to be a copy of the judgment of conviction in his case. The judgment appears to affirm the factual allegations of the petition. The trial judge dismissed the petition because it found that the allegations contained in the petition did not entitle the Defendant to habeas corpus relief. On appeal, the State argues that a habeas corpus petition is not appropriate to attack an illegal sentence. The State acknowledges that the Tennessee Supreme Court held in Stephenson v. Carlton, 28 S.W.3d 910, 912 (Tenn. 2000), that habeas corpus relief was available to remedy an illegal sentence. Although the State argues that our supreme court wrongly decided Stephenson v. Carlton, we are of the firm opinion that we should recognize that our supreme court's opinion is a binding precedent which should be followed.

---

[1] On appeal, the Defendant seems to no longer take issue with his sentence. He asserts that he was informed by the prison authorities that they would honor his original plea agreement, and he seems to be content with that sentence. However, "the parties cannot by agreement salvage an illegal sentence or otherwise create authority for the imposition of a sentence that has not been authorized by statute." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). Thus, the Defendant's assertions on appeal do not alter our resolution of this case.

Because the sentence imposed upon the Defendant appears to be an illegal and void sentence based upon our review of the record before us, we conclude that the trial court erred in dismissing the petition. If the factual allegations are correct, resolution of this issue leaves the Defendant's case pending in the Criminal Court of Shelby County, where further proceedings are warranted.[2] See Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995). This will leave the status of the original prosecution at the sentencing stage. See Dixon v. State, 934 S.W.2d 69, 74 (Tenn. Crim. App. 1996). Because the sentence recommended by the State at the guilty plea proceeding appears to have been an illegal sentence, the trial court must reject the sentence. Id. Thereafter, the proceedings shall be governed by Rule 11(e) of the Tennessee Rules of Criminal Procedure. Id., see also Woods v. State, 928 S.W.2d 52, 54 (Tenn. Crim. App. 1996).

Therefore, we reverse the judgment of the Circuit Court of Hickman County, and in the interest of judicial economy, we remand this case to the Shelby County Criminal Court for further proceedings.

_____
DAVID H. WELLES, JUDGE

---

[2]Because there was not an evidentiary hearing to develop the facts in this case, our resolution of the issue presented is contingent upon the factual allegations being established as correct.