IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

ROGER T. JOHNSON, PRO SE v. STATE OF TENNESSEE

Appeal from the Circuit Court for Wayne County
No. 12777    Robert L. Jones, Judge

No. M2002-02902-CCA-R3-CO - Filed March 5, 2004

The Petitioner, Roger T. Johnson, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Roger Johnson, pro se.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On December 7, 1994, Petitioner entered guilty pleas to one count of first degree murder and one count of second degree murder in exchange for a sentence of life followed by a thirty year sentence as a Range I offender. The trial court amended the judgment on December 8, 1994 to reflect a sentence of twenty-five years and eight months on the second degree murder count to be served as a Range II offender. On June 18, 2002, Petitioner filed, *pro se*, a petition for writ of habeas corpus relief, alleging that his plea bargain agreement was breached by the trial court's amendment of the judgment. Petitioner alleged that the breach of the plea bargain agreement rendered his conviction void.

By order entered July 18, 2002, the trial court denied Petitioner's application for habeas corpus relief. The trial court found that Petitioner had failed to allege grounds for relief cognizable in a state habeas corpus action. The court ruled that at most, Petitioner's claim of a breached plea agreement would render the convictions voidable, rather than void. Petitioner filed a motion to rehear in the trial court, which was denied by order dated October 17, 2002.

A writ of habeas corpus may be granted only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery v. Avery,* 222 Tenn. 50, 432 S.W.2d 656 (1968); *State ex rel. Wade v. Norvell,* 1 Tenn. Crim. App. 447, 443 S.W.2d 839 (1969). Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. As this court has recognized, Petitioner's claim that his plea agreement was not honored in the judgment entered or sentence imposed "presents at most a claim of a merely voidable, and not void, judgement or sentence." *Jeffrey Miller v. State of Tennessee*, No. E2000-01192-CCA-R3-CD, 2001 WL 987154, *2 (Tenn. Crim. App. at Knoxville Aug. 29, 2001); *citing Paul Barnett v. State*, No. E1999-01583-CCA-R3-CD, 2000 WL 782048 (Tenn. Crim. App. at Knoxville June 20, 2000). Moreover, Petitioner's habeas corpus petition appears to attack only the validity of the sentence for second degree murder. However, Petitioner has not yet begun to serve this sentence. Accordingly, he cannot attack the validity of this judgement at this time. *See Taylor v. Morgan*, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995); *Ussery v. Avery*, 432 S.W.2d 656, 658-59 (Tenn. 1968). Further, to the extent the Petitioner's claim is based on an illegal hybrid sentence, this court has recognized that under the Sentencing Reform Act of 1989, it is proper in a plea agreement to mix the length of incarceration and the release eligibility status. *Bland v. State*, 97 S.W.3d 133 (Tenn. Crim. App. 2002).

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

ROBERT W. WEDEMEYER, JUDGE