# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## SAMMIE L. TAYLOR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13215     Robert Holloway, Judge**

---

### No. M2003-02954-CCA-R3-HC - Filed November 15, 2004

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition the petitioner sought a writ of habeas corpus to release him from his conviction for especially aggravated robbery. We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Sammie Lee Taylor, pro se, Clifton, Tennessee.

Paul G. Summers, Attorney General & Reporter; Helena Walton Yarbrough, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted in Shelby County of felony murder, especially aggravated kidnaping, especially aggravated robbery and aggravated sexual battery. He was sentenced to life without the possibility of parole on the murder conviction and an effective sentence of sixty-two (62) years on the remaining convictions. The trial court ordered the sixty-two (62) year sentence to run consecutively to the life sentence. The judgment of the trial court was affirmed on direct appeal. See State v. Sammie Lee Taylor, No. 02C01-9501-CR-00029, 1996 WL 580997 (Tenn. Crim. App. at Jackson, Oct. 10, 1996) perm. to appeal denied (Tenn. 1997). The petitioner then sought post-

conviction relief which was denied by the trial court and affirmed on appeal. See Sammie Lee Taylor v. State, No. W1999-00977-CCA-R3-PC, 2000 WL 714387 (Tenn. Crim. App. at Jackson, May 26, 2000) perm. to appeal denied (Tenn. 2000).

On September 4, 2003, the petitioner filed a petition seeking a writ of habeas corpus to release him from his conviction for especially aggravated robbery. The trial court summarily denied the petitioner's petition for habeas corpus.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

Petitioner's habeas corpus petition appears to attack only the validity of the sentence for especially aggravated robbery. However, Petitioner has not yet begun to serve this sentence. Accordingly, he cannot attack the validity of this judgment at this time. See Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995); Ussery v. Avery, 432 S.W.2d 656, 658-59 (Tenn. 1968). Irrespective of the validity of petitioner's challenge to the especially aggravated robbery conviction, in light of petitioner's current life sentence without the possibility of parole on the felony murder conviction, a challenge to his especially aggravated robbery conviction is premature at this time and is not appropriate for review. "At such time that the defendant would be entitled to discharge by reason of having served time equivalent to his life sentence, he will be entitled to petition for the writ of habeas corpus to inquire into the validity of his further restraint." Taylor, 909 S.W.2d at 20. Finding that the trial court properly dismissed the petitioner's petition for habeas corpus relief as premature, we grant the State's motion to affirm the judgment.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a

determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

 

_____
JERRY L. SMITH, JUDGE