IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 22, 2005

## JOE CLARK MITCHELL v. STATE OF TENNESSEE, KEVIN MYERS, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 2308 & 2309   Stella Hargrove, Judge**

---

**No. M2005-01326-CCA-R3-HC - Filed December 21, 2005**

---

The petitioner, Joe Clark Mitchell, filed a petition for writ of habeas corpus alleging that he was being held illegally after the expiration of two consecutive six-year sentences. The trial court dismissed the petition. The petitioner appeals, seeking review of the trial court's dismissal of the petition. Following a review of the record and applicable authorities we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and DAVID G. HAYES, JJ., joined.

Joe Clark Mitchell, *Pro Se*, Clifton, Tennessee

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; Mike Bottoms, District Attorney General; and Richard H. Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 7, 1982, the Giles County Grand Jury returned an indictment against the petitioner for grand larceny and burglary for events occurring on or about July 13, 1982. The cases were eventually transferred to Maury County as the result of a motion to change venue. According to this Court's opinion in State v. Joe Clark Mitchell, No. 86-123-III, 1986 WL 14355, at *1 (Tenn. Crim. App., at Nashville, Dec. 18, 1986), perm. app. denied (Tenn. 1987), the petitioner burglarized a home that belonged to three siblings and stole an antique hall tree that was kept in the foyer of the house. The petitioner was found guilty of third degree burglary and grand larceny. As a result, the trial court sentenced the petitioner to two consecutive six-year sentences.

At some point thereafter, the petitioner was convicted of ten offenses unrelated to the burglary and larceny convictions, including two counts of aggravated assault, two counts of armed robbery, two counts of aggravated kidnapping, arson, first degree burglary, and two counts of aggravated rape. See State v. Joe Clark Mitchell, No. 87-152-III, 1988 WL 32362, at *1 (Tenn. Crim. App., at Nashville, Apr. 7, 1988), perm. app. denied (Tenn. 1988). According to this Court's opinion on direct appeal, the petitioner was sentenced to four life sentences, one ten-year sentence, one twenty-one-year sentence, and one fifteen-year sentence for the ten convictions. The trial court ordered that the petitioner's two life sentences for aggravated kidnapping be served consecutively to his two life sentences for aggravated rape. All of the petitioner's other sentences were ordered to run concurrently to the petitioner's four life sentences. On appeal, this Court affirmed the judgments of the trial court in all respects except for one of the petitioner's convictions for aggravated rape. As to that conviction, this Court modified the conviction to simple rape and reduced the sentence to thirteen years, ordering the thirteen-year sentence to be served consecutively to the petitioner's remaining three life sentences. Id. at *4.

The petitioner filed a petition for writ of habeas corpus on October 21, 2004, alleging that he was being "restrained of his liberty" and held "in violation of the constitution, laws, or treaties of the United States and the state of Tennessee" on a sentence that "has expired, and also on an illegal/void sentence, based upon the trial court's lack of jurisdiction in which to render a valid sentence and judgment of conviction."[1] The petitioner's habeas corpus petition applied only to his convictions for third degree burglary and grand larceny and did not mention any of the other convictions. Further, the petition did not contain copies of the judgment forms for any of the petitioner's convictions.

The trial court dismissed the petition for habeas corpus relief. The petitioner filed a timely notice of appeal alleging that the trial court improperly dismissed the petition.

Analysis

On appeal, the petitioner contends that the trial court erred by dismissing his petition for writ of habeas corpus. Specifically, he argues that it was error for the trial court to have dismissed the petition on the basis that he did not attach copies of his judgment forms, especially in light of the fact that the trial court denied his motion to appoint counsel. The petitioner further argues that the trial court's dismissal was in error because the person restraining him does not know what his sentence was and that "there was no one of authority to expire it." The petitioner alleges that "the Maury County Circuit Clerk, TDOC's sentence management service, and South Central Correctional Center's records lady Nancy B., ha[ve] all conspired against [him] to keep this wrong from being righted." The State argues that the trial court properly dismissed the petition.

---

[1]We note that while the petitioner was convicted in Maury County, pursuant to Tennessee Code Annotated § 29-21-105, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. Thus, it is appropriate that the petitioner filed his petition in Wayne County.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

In the case herein, the petitioner alleges that the trial court erred by dismissing his petition, "because he did not have all of the documents to include [in the petition], that [were] necessary for . . . review." The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21. Our review of the record before us reveals that the petitioner failed to attach his judgment forms to his petition, a requirement under Tennessee Code Annotated section 29-21-107(b)(2). A trial court may dismiss a petition for failure to comply with the statute. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965).

Further, the petitioner is not being unlawfully restrained of his liberty as the petitioner is being lawfully imprisoned on convictions other than third degree burglary and grand larceny. "The sole relief available under Tennessee's habeas corpus statute is discharge from custody. Because the defendant is being legally restrained under his life sentence[s], he is not entitled to be discharged." Taylor v. Morgan, 909 S.W.2d 17, 20 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 29-21-122.

Finally, the petitioner argues that the trial court erred in dismissing his petition without the appointment of counsel. While there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding, the trial court has a duty to appoint counsel if necessary. See Tenn. Code Ann. § 40-14-204. In the present case, the trial court's actions in refusing to appoint counsel were justified because the petitioner did not allege any facts that justified habeas corpus relief.

Consequently, the trial court properly dismissed the petition for writ of habeas corpus. Accordingly, the judgment of the trial court is affirmed.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE