BILLY SALEEM EL-AMIN,             )
                                  )
        Petitioner/Appellant,     )
                                  )        Appeal No.
                                  )        01-A-01-9707-CH-00361
VS.                               )
                                  )        Davidson Chancery
                                  )        No. 96-2100-II
DONAL CAMPBELL, COMMISSIONER )
TENNESSEE DEPARTMENT OF           )
CORRECTION, et al.,               )
                                  )
        Respondents/Appellees.    )

**FILED**

**January 28, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CAROL L. MCCOY, CHANCELLOR


BILLY SALEEM El-AMIN, #58400
Nashville Community Service Center
7466 Centennial Boulevard
Nashville, Tennesseee 37209-1052
        Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

JOHN R. MILES
Assistant Attorney General
Cordell Hull Building, Second Floor
425 5th Avenue North
Nashville, Tennessee 37243-0488


AFFIRMED AND REMANDED


                                    BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.


# O P I N I O N

A prison inmate convicted of two felonies alleged that the Department of Correction illegally increased the total length of his sentence by treating a concurrent sentence for the second offense as consecutive to the first one. The trial court granted the Department's Motion for Summary Judgment, holding that the only proper legal interpretation of the record was that the second sentence was to be served consecutively to the first. We affirm.

## I.

The Petitioner is Billy Saleem El-Amin, formerly known as Billy Noble Forrest. He appears under both names in the record, but for the sake of clarity, we will refer to him as Mr. El-Amin throughout this opinion. Mr. El-Amin was convicted of armed robbery in 1964, and received a sentence of 45 years. On December 15, 1971, Governor Winfield Dunn conditionally commuted his sentence to twenty years, and he was released on parole on December 20, 1972. On August 13, 1973, Mr. El-Amin was arrested for armed robbery, carrying a weapon and possession of marijuana. He was convicted of robbery, and received an indeterminate sentence of five to seven years.

Mr. El-Amin appealed his conviction to the Court of Criminal Appeals. That court affirmed the conviction, and issued a judgment so stating. Mr. El-Amin insists that the wording of the 1975 Judgment Order indicated that his five to seven year sentence was to be served concurrently with his forty-five year sentence. He relies particularly upon language in the order that states that his sentence will commence on the day of his reception at the penitentiary. Examination of that Order reveals that it is a printed form, with additional information typed on it, which we will indicate by underlining in the paragraph below:

> "It is, therefore, ordered and adjudged by this Court that the plaintiff_ in error, for the offense of <u>robbery,</u> be delivered to the Warden of the Penitentiary or his agent and be by him committed to the Penitentiary of the State of

> Tennessee and there confined at hard labor for a term of not more than <u>seven</u> years, and not less than <u>five</u> years, commencing on the day of <u>his</u> reception at said Penitentiary <u>on this charge</u>."

Directly below this paragraph is another, concerning the plaintiff's right to receive credit for time spent in jail while awaiting this appeal. Below that paragraph the following sentence is typed in:

> "Said sentence shall run at the expiration of present sentence now being served by the plaintiff in error."

We believe that the typed language from both paragraphs quoted above makes it quite clear that the court meant for Mr. El-Amin's second sentence to be consecutive to his first. Further, such a judgment would be consistent with the provisions of Tenn. Code Ann. § 40-3620 (now Tenn. Code Ann. § 40-28-123(a), which was in effect at that time:

> Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or such part of the sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.

In the case of *State v. Venable*, 606 S.W.2d 298 (Tenn. Crim. App. 1980), the appeals court faced a situation where an appellant challenged the use of language in a judgment identical with the typewritten language in the instant case beginning with "said sentence shall run at the expiration of said present sentence . . . ." The court deleted the challenged language, holding that it was possibly misleading, and was in any case unnecessary, because as a matter of law, "[a] sentence for a felony committed while on parole from a sentence for a felony, whether or not the sentencing court explicitly so orders or not, shall be consecutive to the sentence paroled upon if and when that parole is revoked."

- 3 -

**II.**

For many years, the department officials in charge of calculating prisoner sentences apparently overlooked the language in the judgment and the requirement of consecutive sentencing, for a 1992 TOMIS Offender Sentence Letter states a total maximum sentence of forty-five years for Mr. El-Amin. The present proceedings began after he received a 1996 TOMIS Offender Sentence Letter, which stated that his maximum sentence is fifty-two years.

Mr. El-Amin's legal arguments on appeal are difficult to understand, but we cannot hold that against him, because he is a pro-se appellant who does not claim to be knowledgeable about the law. In any case he did a serviceable job of explaining the situation in his original hand-written complaint, and it is not difficult to understand his reason for unhappiness: for many years he was led to believe that his sentence would expire after forty-five years, and then in 1996 he learned that the Department of Correction would henceforth consider his maximum sentence to be fifty-two years.

Essentially Mr. El-Amin is arguing that the Department of Correction violated his due process rights by extending his sentence beyond that which was imposed by the courts. In the alternative he would argue that once having calculating his sentence as forty-five years, the Department should not be permitted to increase it.

As we indicated above, we believe the only reasonable interpretation of the applicable law, and of the judgment of the Court of Criminal Appeals, is that the appellant was sentenced to consecutive terms of confinement. The appellant's argument then comes down to whether the Board of Correction is bound by its own long-standing error in calculating or in interpreting that sentence.

We believe that the Department may correct an error which makes a prisoner's sentence shorter than the sentence imposed by the court, just as it would be obligated to correct an error which extended a prisoner's sentence beyond the court's judgment. The trial court was therefore correct in granting summary judgment to the Department. Summary judgment is appropriate when there is no genuine issue of material fact, and when the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). In the present case, the only issue was the proper interpretation of the 1975 Judgment Order, a question of law which the trial court correctly resolved in favor of the appellee.

## III.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____

BEN H. CANTRELL, JUDGE

CONCUR:

_____

HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____

WILLIAM C. KOCH, JR., JUDGE

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

| | | |
|---|---|---|
| BILLY SALEEM EL-AMIN, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9707-CH-00361 |
| VS. | ) | |
| | ) | Davidson Chancery |
| | ) | No. 96-2100-II |
| DONAL CAMPBELL, COMMISSIONER | ) | |
| TENNESSEE DEPARTMENT OF | ) | Affirmed and |

CORRECTION, et al.,                )        Remanded
                                   )
        Respondents/Appellees.     )

# **J U D G M E N T**

This cause came on to be heard upon the record on appeal from the Chancery Court of Davidson County, and briefs of the parties; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree of the Chancellor is affirmed. The cause is remanded to the Chancery Court of Davidson County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Billy Saleem El-Amin, for which execution may issue if necessary.

ENTER _____.


                                   _____
                                   HENRY F. TODD, PRESIDING JUDGE
                                   MIDDLE SECTION

                                   _____
                                   BEN H. CANTRELL, JUDGE

                                   _____
                                   WILLIAM C. KOCH, JR., JUDGE