IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## BILLY SALEEM EL-AMIN, aka BILLY NOBLE FORREST v. JACK MORGAN, Warden, and STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Davidson County**
**No. 97C-608    Thomas W. Brothers, Judge**

**No. M1999-02172-CCA-R3-PC - Filed May 8, 2001**

The petitioner filed a petition for writ of habeas corpus, contending that the two sentences for which he was incarcerated were being served concurrently and that both had expired, resulting in his being held illegally by the Tennessee Department of Correction for the second sentence. However, the Court of Appeals, presented previously with this same issue by the petitioner, determined that the sentences were to be served consecutively. Thus, the second sentence has not expired. We reverse the order of the post-conviction court that the two sentences were served concurrently and that the second sentence has expired. The petition for writ of habeas corpus is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General and Reporter, and Elizabeth B. Marney, Assistant Attorney General, for the appellant, State of Tennessee.

R. Price Nimmo (on appeal) and James O. Martin, III (at trial), Nashville, Tennessee, for the appellee, Billy Saleem El-Amin.

### OPINION

The petitioner, Billy Saleem El-Amin, who is an inmate in the Tennessee prison system, filed a petition for writ of habeas corpus in the Davidson County Circuit Court, claiming that he continues to be confined after the expiration of his sentence. He alleges that the Tennessee Department of Correction is wrongfully treating a five- to seven-year sentence for robbery as consecutive to another sentence which the petitioner has already completed. In his petition for writ of habeas corpus, the petitioner did not reveal that he had unsuccessfully raised in a previous proceeding the same issue which he has now presented to this court. The background in this matter is set out in the opinion of

the Court of Appeals following his first attempt to have the sentences declared concurrent rather than consecutive:

> The Petitioner is Billy Saleem El-Amin, formerly known as Billy Noble Forrest. He appears under both names in the record, but for the sake of clarity, we will refer to him as Mr. El-Amin throughout this opinion. Mr. El-Amin was convicted of armed robbery in 1964, and received a sentence of 45 years. On December 15, 1971, Governor Winfield Dunn conditionally commuted his sentence to twenty years, and he was released on parole on December 20, 1972. On August 13, 1973, Mr. El-Amin was arrested for armed robbery, carrying a weapon and possession of marijuana. He was convicted of robbery, and received an indeterminate sentence of five to seven years.
>
> Mr. El-Amin appealed his conviction to the Court of Criminal Appeals. That court affirmed the conviction, and issued a judgment so stating. Mr. El-Amin insists that the wording of the 1975 Judgment Order indicated that his five to seven year sentence was to be served concurrently with his forty-five year sentence. He relies particularly upon language in the order that states that his sentence will commence on the day of his reception at the penitentiary. Examination of that Order reveals that it is a printed form, with additional information typed on it, which we will indicate by underlining in the paragraph below:
>
>> "It is, therefore, ordered and adjudged by this Court that the plaintiff_ in error, for the offense of <u>robbery</u>, be delivered to the Warden of the Penitentiary or his agent and be by him committed to the Penitentiary of the State of Tennessee and there confined at hard labor for a term of not more than <u>seven</u> years, and not less than <u>five</u> years, commencing on the day of <u>his</u> reception at said Penitentiary <u>on this charge</u>."
>
> Directly below this paragraph is another, concerning the plaintiff's right to receive credit for time spent in jail while awaiting this appeal. Below that paragraph the following sentence is typed in:
>
>> "Said sentence shall run at the expiration of present sentence now being served by the plaintiff in error."

<u>El-Amin v. Campbell</u>, 973 S.W.2d 222, 223 (Tenn. Ct. App.), <u>perm. to appeal denied</u> (Tenn. 1998).

The Court of Appeals then concluded that the two sentences, which are the subject of this appeal, were to be served consecutively: "As we have indicated above, we believe the only reasonable interpretation of the applicable law, and of the judgment of the Court of Criminal Appeals, is that the appellant was sentenced to consecutive terms of confinement." Id. at 224.

Previous to that opinion, the petitioner had claimed, by a petition for writ of habeas corpus, that the initial forty-five-year sentence had expired. He was unsuccessful with that petition in the Wayne County Circuit Court, as well as in his appeal of the matter with this court. In that appeal, this court also concluded that the petitioner's two sentences were to be served consecutively:

> According to the 1975 conviction for armed robbery, Appellant is to serve five to seven years "at the expiration of present sentence now being served." This is consistent with Tenn. R. Crim. P. 32(c)(3)(A), which provides that a felon convicted of committing a felony while on parole must serve the sentence for that offense consecutively.

Billy Noble Forrest v. John Rees, Warden, No. 01C01-9411-CC-00387, 1996 WL 571765, at *3 (Tenn. Crim. App. Oct. 8, 1996), perm. to appeal denied (Tenn. Jan. 27, 1997).

Thus, two post-conviction courts and two appellate courts have concluded that the petitioner's five- to seven-year sentence was to be served consecutively to his previous sentence. However, without reference to either of the two previous petitions, he filed yet a third post-conviction petition, claiming, once again, that the sentences were concurrent. Appellate counsel for the petitioner, as an officer of the court, advised this court of the two prior cases involving the petitioner. It appears that the post-conviction court was not aware of either of these decisions in making its determination that the petitioner was entitled to relief.

Applying the law of the case doctrine, Memphis Publishing Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998), we reverse the judgment of the post-conviction court and dismiss the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE