IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 15, 2010

## CALVIN WILHITE v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 09-586-IV    Russell T. Perkins, Chancellor**

---

**No. M2010-00857-COA-R3-CV - Filed January 10, 2011**

---

Appellant filed this petition for common law writ of certiorari when the Board of Probation and Parole denied him parole. He contends the Board's decision was illegal, arbitrary, fraudulent, and in excess of its jurisdiction. The trial court dismissed the petition for writ of certiorari. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Calvin Wilhite, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Kellena Baker, Assistant Attorney General, for the appellee, Tennessee Board of Probation & Parole.

## OPINION

Calvin Wilhite ("Petitioner") has been in state or federal custody for all but two years since 1983. On October 3, 1983, Petitioner pled guilty to five counts of robbery with a deadly weapon and two counts of robbery in Shelby County, Tennessee, and was sentenced to a total effective sentence of twenty years. In April of 1988, he was granted parole on the robbery charges and released on parole.

During the next several months, while on parole, Petitioner committed several additional crimes. On October 25, 1989, a parole violation warrant was issued. Five months later, on March 13, 1990, the parole violation warrant was served on Petitioner and he was taken into custody. Two days later, on March 15, 1990, Petitioner waived his probable cause

hearing on the parole violation as indicated by Petitioner's signature on a form entitled "Explanation of Rights, Options, and Waivers at Parole Revocation Hearings."

In the interim, Petitioner was charged with numerous criminal offenses in the state and federal courts. He was convicted in federal court of one count of conspiracy to possess with the intent to distribute cocaine and one count of possession with the intent to distribute for which he was sentenced to 210 months in federal incarceration. On August 9, 1990, Petitioner pled guilty to second degree murder in the Shelby County Criminal Court and was sentenced to twenty years to be served concurrently with his federal sentence. All of these offenses were committed while Petitioner was on parole in 1989.

On August 10, 1990, one day after pleading guilty in state court to second degree murder, federal authorities took Petitioner into federal custody to serve his sentence regarding the cocaine convictions.

Two weeks later, on August 27, 1990, Petitioner's parole revocation hearing was to be heard, however, the hearing was continued because he was no longer in state custody. A second revocation hearing was scheduled for February 1991; however, it did not occur as Petitioner remained in federal custody.

Petitioner remained in federal custody for fifteen years. While in federal custody, Petitioner's former counsel sent several letters to the Board and the Department of Correction requesting that a parole revocation hearing be held. Specifically, he requested they conduct a non-appearance parole revocation hearing. Each of these requests were denied.[1]

In the interim, in June of 1991, the Director of Paroles for Tennessee sent a letter to the United States Penitentiary Record Office, requesting to be notified of Petitioner's release date from federal custody as there was an "outstanding" parole violation warrant on Petitioner.[2] Fourteen years later, on September 14, 2005, the Tennessee Department of Probation and Parole placed a detainer on Petitioner with the federal authorities.

---

[1]On February 23, 1996, while in federal custody, Petitioner filed a Motion to Amend Petition for Habeas Corpus Post-Conviction Relief in the Shelby County criminal court alleging, *inter alia*, a constitutionally deficient guilty plea was entered in August 1990 and that the State had breached its plea agreement with him. The trial court dismissed the petition because it was filed outside the statute of limitations, and the Court of Criminal Appeals affirmed the dismissal. *See Wilhite v. State*, No. 02C01-9605-CR-00156, 1997 WL 472425 (Tenn. Crim. App. Aug. 20, 1997).

[2]The warrant reference number was 14713, the same warrant that the record indicates was served upon Petitioner and for which the parole revocation hearing was scheduled for August 27 of 1990.

Petitioner was released from federal custody and returned to the custody of the State of Tennessee on October 14, 2005. Six weeks later, on December 1, 2005, Petitioner's revocation hearing, which had been continued indefinitely from February 1991, was held. Following the hearing, Petitioner was found to be in violation of parole for his 1983 robbery conviction, his parole was revoked, and he was ordered to serve the balance of the twenty year sentence. As for Petitioner's 1990 conviction for second degree murder, which was committed while on parole, the Board retroactively set July 6, 2005 as the effective date for the commencement of that sentence.

On May 22, 2006, Petitioner filed a petition for writ of habeas corpus in the Circuit Court for Hardeman County for relief from his twenty year sentence for robbery. *See Wilhite v. Turner*, No. 06-02-0155, 2007 WL 1323380, at *1 (Tenn. Crim. App. May 3, 2007). The trial court dismissed his petition and the Court of Criminal Appeals affirmed the trial court's dismissal of the petition for habeas relief. *Id*.

On October 21, 2008, the Petitioner appeared before the Board for a parole hearing concerning his 1990 conviction for second degree murder. The Board declined to grant Petitioner parole on the grounds that a release from custody would depreciate the seriousness of the crime and that continued correctional treatment, medical care, or vocational training would enhance the Petitioner's capacity to lead a law-abiding life when released. Petitioner filed a written request for appellate review, which was denied by the Board.

On March 27, 2009, Petitioner filed a petition for writ of certiorari with the Davidson County Chancery Court. He asserted that the Board's decision to deny parole on the murder conviction was illegal, arbitrary, fraudulent, and in excess of its jurisdiction because that sentence had expired. The trial court granted the petition, the certified parole record was filed with the court, and the parties filed their respective briefs with the trial court. Pursuant to an order entered on March 5, 2010, the trial court determined that the dispositive issue was whether the second degree murder sentence had expired at the conclusion of his incarceration for his federal sentence.[3] The court then found that the sentence for the murder conviction had not expired and cited to the statutes governing the parole revocation process. Based upon that finding, the trial court concluded that the Board did not act illegally, arbitrarily, fraudulently, or in excess of its jurisdiction, and dismissed the petition. This appeal followed.

---

[3]Notably, in the case of *Wilhite v. Turner*, 2007 WL 1323380, the State took the position that the second degree murder charge had expired and stated that Petitioner was only incarcerated for the robbery charges. The State now takes the position that the murder charge has not expired.

## STANDARD OF REVIEW

Decisions regarding parole are vested exclusively in the Board of Probation and Parole, *Doyle v. Hampton*, 340 S.W.2d 891, 891-92 (Tenn.1960), and whether such decisions are lawful is subject to limited review under the common law writ of certiorari. *Baldwin v. Tennessee Board of Paroles*, 125 S.W.3d 429, 433 (Tenn. Ct. App. 2003). It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily, *Yokley v. State*, 632 S.W.2d 123 (Tenn. Ct. App. 1981). Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. *Id*. It is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994). If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review. *Id*.

## ANALYSIS

The chancery court correctly determined that the dispositive issue is whether the sentence for second degree murder expired. Petitioner contends the sentence has expired because it was to be served concurrently with his federal sentence, which he served to completion. In support of this, Petitioner points to the decision of the Court of Criminal Appeals in *Wilhite v. Turner*, 2007 WL 1323380. The State, however, contends that the sentence for second degree murder has not expired. The State's contention is based on statutes and rules governing parole, which give the Board of Probation and Parole the exclusive right to determine when the sentence for second degree murder would commence.

The case upon which Petitioner relies, *Wilhite v. Turner*, was a petition for a writ for habeas corpus. Petitions for writ of habeas corpus present a very narrow ground for relief. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). They may only be used to challenge judgments that are facially invalid either because the convicting court was without jurisdiction or because the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The burden of establishing that the judgment is void or that the sentence has expired is on the petitioner. *See State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. 1998).

The Court of Criminal Appeals in *Wilhite v. Turner* held that the trial court properly dismissed the petition for habeas relief because Petitioner was still required to serve his sentence for the robbery charges. Although the court stated that the second degree murder sentence had expired, the opinion reveals that the Court of Criminal Appeals did not consider the fact that the parole statutes state that a prisoner who is convicted of a felony committed while on parole shall serve the remainder of the sentence under which the prisoner was

-4-

paroled as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole. *See* Tenn. Code Ann. § 40-28-123(a). Due to the narrow scope of review of a habeas petition and the fact that the mandatory provision regarding sentencing for crimes committed on parole was not at issue in *Wilhite v. Turner*, we find that Petitioner's reliance on *Wilhite v. Turner* is misplaced.

## THE PAROLE REVOCATION PROCESS

The State contends that Petitioner's second degree murder charge has not expired because the Board has the sole discretion to set the sentence effective date of the second degree murder charge pursuant to the parole statutes. Petitioner committed the felony of second degree murder while he was on parole for the prior robbery charges. Tennessee Code Annotated § 40-28-123(a) (emphasis added) states:

> *Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, or part of that sentence, as the board may determine before the prisoner commences serving the sentence received for the felony committed while on parole.* If any prisoner while on parole from a state prison, jail or workhouse commits a crime under the laws of another state government or country which, if committed within this state, would be a felony, and is convicted of the crime, the director of probation and parole shall arrange for the return of the prisoner through the terms of the interstate compact. The board shall require that the prisoner serve the portion remaining of the maximum term of sentence or part of that sentence as the board may determine. The board, at its discretion, may recommend to the commissioner of correction the removal of all or any part of the good and honor time and incentive time accrued on the sentence under which the prisoner was paroled.

Petitioner is correct in his assertion that the trial court sentenced him to twenty years for the second degree murder charge to be served concurrently with the federal sentence, however, pursuant to the above statute, he could not begin serving his sentence for the murder charge until after his parole revocation for the first state offenses. The requirement that a person serve the sentence for a felony incurred while on parole consecutive to the sentence for the prior felony has been consistently recognized by our courts. *See Hughes v. Tenn. Dept. of Corrections*, No. M2001-000, 2002 WL 2008706, at *4 (Tenn. Ct. App. Sept. 3, 2002) (*citing Henderson v. State*, 419 S.W.2d 176, 177-178; *Taylor v. Morgan*, 909 S.W.2d 17, 20 (Tenn. Crim. App.1995); *State v. Buchanan*, No. M1999-00980-CCA-R3-CD, 2000 WL 226409, at *11-12 (Tenn. Crim. App. Feb. 29, 2000); *Bergdoff v. State*, No.

01C01-9508-CC-00279, 1996 WL 571766, at *11 (Tenn. Crim. App. Oct. 8, 1996); *State v. Sharpe*, No. 01C01-9301-CR-00031, 1993 WL 503710, at *10 (Tenn. Crim. App. Dec. 9, 1993); *McDaniel v. State*, No. 03-C-01-9202-CR-00048, 1992 Tenn. Crim. App. LEXIS 866, at *5 (Tenn. Crim. App. Nov. 13, 1992); *State v. Brown*, No. 86-203-III, 1987 WL 10699, at *1-*2 (Tenn. Crim. App. May 12, 1987); *El-Amin v. Campbell*, 973 S.W.2d 222, 223 (Tenn. Ct. App.1998)). Thus, while the criminal court had the authority to set Petitioner's sentence to run concurrently with the federal sentence, the criminal court did not have the authority to order that the murder charge run prior to Petitioner serving the sentence for robbery. As the cases above indicate, the authority and discretion to make this decision lies solely with the Board.

In determining the date on which Petitioner would begin to serve his new sentence, the Board must follow a procedure set forth by statute. Under Tenn. Code Ann. § 40-28-118(c), the Board must determine whether the Petitioner violated the terms of his parole and the appropriate action to be taken if such a violation occurred. This process is initiated by the issuance of a parole warrant and this warrant is executed when the Petitioner is taken into custody on this warrant. Tenn. Code Ann. § 40-28-120; *Cotten v. Tenn. Bd. of Paroles*, No. M2001-00875-COA-R3-CV, 2002 WL 1484446, at *3 (July 12, 2002). After execution of the parole warrant, a preliminary hearing is held to determine if there is probable cause that the parolee committed a parole violation. Tenn. Code Ann. § 40-28-121(c). A parolee may waive the probable cause hearing. *Id*. After the probable cause hearing, a second final hearing must be held to determine if a revocation of parole should occur. Tenn. Code Ann. § 40-28-122(b). The second hearing must occur "within a reasonable time." Tenn. Code Ann. § 40-28-122(d)(1); *Cotten*, 2002 WL 1484446, at *3. Under both Tenn. Code Ann. § 40-28-123(a) and Tenn. R. Crim. P. 32(c)(3), the sentence for a felony committed while on parole is to be served consecutively to the previous felony sentence for which parole was revoked.

The parole violation warrant, which was issued on October 25, 1989, was served upon Petitioner on March 13, 1990, at which time he was taken into state custody. Petitioner waived the probable cause hearing – the first of the two stages of hearings – and his parole revocation hearing was scheduled for August 27, 1990. The scheduled parole revocation hearing, however, was not held on August 27 because Petitioner was taken into federal custody before it occurred and it was continued indefinitely while Petitioner remained in federal custody. Following Petitioner's return to state custody in October 2005, the final revocation hearing was held on December 1, 2005.[4] Following the hearing, the Board

---

[4]We note that the trial court relied upon *Cotten v. Tenn. Bd. of Paroles,* 2002 WL 1484446, to conclude that the final revocation hearing was held within a reasonable time. The trial court's holding was based on an erroneous finding of fact that the warrant was not executed until Petitioner returned to state

(continued...)

revoked Petitioner's parole for the robbery charges and ordered him to serve the remainder of his sentence for the robbery charges. As it is also authorized to do, the Board set July 6, 2005, as the effective date for the commencement of Petitioner's sentence for second degree murder. *See Hughes*, 2002 WL 2008706, at *4 (wherein this court found that the Board may set the effective (commencement) date of the sentence for a subsequent felony prior to the date of completion of the original sentence that was reinstated).

Based upon our review of the record, the applicable statutes, and the very deferential standard of review, we find Petitioner was required by law to serve his sentence for second degree murder consecutive to his sentence for his previous felony charges because the felonious offense was committed while Petitioner was on parole. *See Hughes*, 2002 WL 2008706 , at *4 (*citing Henderson*, 419 S.W.2d at 177-178; *Taylor*, 909 S.W.2d at 20) (other citations omitted). Petitioner began serving the twenty year sentence for murder on July 6, 2005; therefore, the sentence for second degree murder had not expired at the time of the 2010 parole revocation hearing. Accordingly, we find the Board was not acting in excess of its jurisdiction nor was it acting illegally, fraudulently, or arbitrarily when it denied Petitioner parole on the second degree murder charge.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Calvin Wilhite.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[4](...continued)
custody in 2005. The parole violation warrant was served on Petitioner in March 1990 and Petitioner was taken into state custody at that time, a fact that is supported by Petitioner's waiver of the initial probable cause hearing in August 1990, which distinguishes this case from *Cotten*. Nevertheless, Petitioner did not challenge the revocation of his parole in the trial court; therefore, it is not an issue in this appeal.